500 So.2d 725 (1987)
Paul PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 86-967.
District Court of Appeal of Florida, Fifth District.
January 8, 1987.
*726 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Charged with a lewd assault upon a 3 1/2 year old child (§ 800.04, Fla. Stat.), the defendant made a pretrial motion to exclude the child victim's hearsay statements from admissibility in evidence at trial and to compel the child to testify, arguing that this action was necessary to protect his constitutional right to confront his accuser. After an evidentiary hearing the court denied the defendant's motions and determined that the child's hearsay statements were reliable and admissible and found that the child was "unavailable" to testify solely upon the substantial likelihood of severe mental harm to the child if it were required to testify in open trial proceedings. The trial court did not examine the child although the defendant contended the court was required to do so in order to determine the child's competency. The defendant entered a plea of nolo contendere reserving the right to appeal the issues raised by the motion which issues the trial court found were dispositive of the case.
The trial judge in this case followed the provisions of section 90.803(23), Florida Statutes (1985), the child victim of sexual misconduct hearsay exception. Those provisions meet the requirements of the confrontation clause of the federal constitution (U.S. Const. amend. VI) as interpreted by the United States Supreme Court in Ohio v. Roberts, 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597, 607 (1980), and of the Florida constitution (Art. I, § 16, Fla. Const.).
AFFIRMED.
UPCHURCH, C.J., and ORFINGER, J., concur.