531 So.2d 1369 (1988)
Judith Kay COOK, Appellant,
v.
STATE of Florida, Appellee.
No. 87-866.
District Court of Appeal of Florida, First District.
September 27, 1988.
Rehearing Denied November 3, 1988.
*1370 Michael E. Allen, Public Defender, David A. Davis, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Bradley R. Bischoff, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of judgments of conviction and sentences imposed for five counts of sexual battery upon a person under the age of twelve. We find that the physical evidence was lawfully seized pursuant to a consensual search, and that the evidentiary admission of the victim's out-of-court statements did not violate appellant's right of confrontation or otherwise affect appellant's substantial rights. We therefore affirm the orders appealed.
Appellant and her husband arranged for a babysitter to stay at their residence, with two of their children, while they were away for several days. During this stay the babysitter discovered explicit photographs of appellant engaged in sexual activity with her eleven year old son. The babysitter contacted law enforcement personnel who subsequently arrived at appellant's residence with a search warrant. However, before reading the warrant an officer asked the babysitter whether she would consent to a search of the premises. The babysitter, who had been given full authority with regard to the premises in the absence of appellant and her husband, indicated that she would allow the officers to search the residence. During the search the officers seized several items of physical evidence, including the incriminating photographs.
Appellant was arrested after she returned home from her trip. She made various admissions and provided a written statement detailing repeated instances of sexual contact with her son. The child was interviewed by an assistant state attorney, and also described these instances of sexual contact.
Appellant was charged with multiple counts of sexual battery and filed a motion to suppress the physical evidence seized during the search of her residence, asserting that the supporting affidavit was *1371 inadequate and that the search warrant was therefore defective. But despite any defect as to the warrant which the officers obtained, the search of appellant's residence was lawfully predicated upon the babysitter's consent. See e.g., United States v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); see also, Silva v. State, 344 So.2d 559 (Fla. 1977). Unlike Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), the present case does not involve acquiescence to a claim of authority. The circumstances indicate that the babysitter's consent was voluntary, and the photographs were thus lawfully seized and properly received into evidence.
The assistant state attorney who had interviewed appellant's son withdrew from the case, and the state desired to present testimony by this attorney as to the statements which the child had made. A pretrial hearing was held, and the child's psychologist expressed his opinion that severe emotional and mental harm would result if the child were required to testify. The psychologist described the potential harm in clinical detail and noted a deterioration in the child's psychological profile after an earlier deposition. Both the psychologist and the interviewing attorney indicated that the child had become extremely upset when it was suggested that he might testify at trial.
The court determined that the assistant state attorney would be allowed to testify as to the child's out-of-court statements, pursuant to section 90.803(23), Florida Statutes. This enactment provides a hearsay exception for the statements of child sex offense victims, when there are sufficient safeguards of reliability. A child may be declared unavailable as a witness if participation in the trial would result in a substantial likelihood of severe emotional or mental harm. See section 90.803(23)(a)2b. However, the court must make "specific findings of fact, on the record, as to the basis for its ruling... ." Section 90.803(23)(c). In the present case the court's written order recited the statutory criteria in conclusory terms, without any specification of a factual predicate. The court's oral pronouncements were no more detailed. Although there is sufficient record evidence to support the admissibility of the child's statements pursuant to section 90.803(23), the court's conclusory recitations do not satisfy the procedural requirements which are necessary for admissibility under the statute. See Griffin v. State, 13 FLW 1348, 526 So.2d 752 (Fla. 1st DCA 1988); Salter v. State, 500 So.2d 184 (Fla. 1st DCA 1986).
Even though the court did not fully comply with the statutory procedure for admissibility of the child's statements, this evidence was merely cumulative. The statements described the instances of appellant's sexual contact with the child. These incidents were also depicted in the photographs received into evidence, and further described in appellant's own admissions. Appellant did not dispute the occurrence of these incidents, but instead pursued a defensive theory of duress. In these circumstances the court's failure to strictly comply with the procedural requirements of section 90.803(23) was harmless, and does not require reversal as it did not affect appellant's substantial rights. See Salter, supra; section 924.33, Florida Statutes.
Appellant also contends that admission of the child's statements pursuant to section 90.803(23) violates her sixth amendment right of confrontation. Other Florida courts have upheld the statute upon similar challenges. See Glendening v. State, 503 So.2d 335 (Fla. 2d DCA 1987), review pending, Case No. 70,346; Perez v. State, 500 So.2d 725 (Fla. 5th DCA 1987). Both Glendening and Perez relied on Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), in which the United States Supreme Court rejected a sixth amendment challenge where statements by an unavailable declarant were received into evidence upon a showing that the statements were sufficiently reliable and trustworthy. While there may be a preference for cross-examination of a declarant at trial, the practical concern of the sixth amendment confrontation clause is to insure the accuracy of the truth-determining process by assuring that the trier of fact has a basis for evaluating the truth of the prior statement. See California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). This *1372 concern may be satisfied when the statements of an unavailable declarant are accompanied by sufficient indicia of reliability.[1]See Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); cf., Bourjaily v. United States, 483 U.S. ___, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).
Section 90.803(23) provides a statutory framework for addressing the reliability of a child sex offense victim's out-of-court statements. Although the court did not strictly comply with the procedural requirements of the statute, substantially the same evidence was otherwise presented and the record establishes the reliability of the child's statements. The witness who related the statements was available for cross-examination, and in the context of this case appellant has failed to show any violation of her sixth amendment right of confrontation.
The judgments of conviction and sentences appealed are affirmed.
SMITH, C.J., and WIGGINTON, J., concur.
NOTES
[1] The recent United States Supreme Court decision in Coy v. Iowa, ___ U.S. ___, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988), does not adopt a more restrictive approach. Coy addresses the right of face-to-face confrontation of witnesses who do testify at trial, and references both Dutton and Bourjaily with regard to exceptions for other aspects of the confrontation clause. Coy further recognizes that the harmless error doctrine may apply to confrontation violations. See also, Delaware v. Van Arsdall, 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). As to the right of direct face-to-face confrontation, also see Craig v. Maryland, 544 A.2d 784 (Md. App. 1988), upholding a statutory procedure that allows an alleged victim of child abuse to testify over closed circuit television in certain circumstances.