536 So.2d 206 (1988)
Paul PEREZ, Petitioner,
v.
STATE of Florida, Respondent.
No. 70027.
Supreme Court of Florida.
December 1, 1988.
Rehearing Denied January 30, 1989.
*207 James B. Gibson, Public Defender and Christopher S. Quarles, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for respondent.
EHRLICH, Chief Justice.
We have for review Perez v. State, 500 So.2d 725 (Fla. 5th DCA 1987), in which the district court expressly declared valid section 90.803(23), Florida Statutes (1985).[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The petitioner, Paul Perez, was charged with a lewd assault upon a three-and-one-half-year-old child, in violation of section 800.04, Florida Statutes (1985). The state filed notice of intent to introduce at trial the hearsay statements made by the child regarding the alleged assault to his mother, Officer Matay, and Detective Massie. Perez made pretrial motions to exclude the child victim's hearsay statements from admissibility in evidence at trial, to compel the child to testify, and to declare section 90.803(23), Florida Statutes, the hearsay exception for statements of a child victim of sexual abuse, unconstitutional. The trial court denied Perez' motions to declare section 90.803(23) unconstitutional and to compel the child to testify. The trial court also, after an evidentiary hearing, found that the child victim's out-of-court statements were reliable, but the child was unavailable as a witness due to a substantial *208 likelihood of severe emotional or mental harm if required to participate in the trial or proceeding. After the trial court's ruling on the motions, Perez entered a plea of nolo contendere reserving the right to appeal the issues raised by the motions which the trial court found were dispositive of the case. The recommended guidelines sentence was any nonstate prison sanction. The trial court withheld adjudication and placed Perez on probation for a period of three years with certain applicable conditions.
On appeal, the district court affirmed, holding that the provisions of section 90.803(23), Florida Statutes (1985), "meet the requirements of the confrontation clause of the federal constitution (U.S. Const. amend. VI) as interpreted by the United States Supreme Court in Ohio v. Roberts, 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597, 607 (1980), and of the Florida constitution (Art. I, § 16, Fla. Const.)." 500 So.2d at 726. The district court also found that the trial judge in this case correctly followed the provisions of section 90.803(23). Id. Perez now challenges these determinations.
Perez first contends that section 90.803(23) is unconstitutional, arguing that it denies a defendant the opportunity to confront adverse witnesses by cross-examining declarants whose statements are introduced at trial, thereby violating both the sixth amendment to the United States Constitution[2] and article I, section 16, of the Florida Constitution.[3] We disagree. The United States Supreme Court has "emphasized that the Confrontation Clause reflects a preference for face-to-face confrontation at trial, and that `a primary interest secured by [the provision] is the right of cross-examination.'" Ohio v. Roberts, 448 U.S. at 63, 100 S.Ct. at 2537 (quoting Douglas v. Alabama, 380 U.S. 415, 418, 85 S.Ct. 1074, 1076, 13 L.Ed.2d 934 (1965) (footnote omitted)). The Court has rejected the view that the confrontation clause bars the use of any out-of-court statements when the declarant is unavailable for cross-examination, recognizing that competing interests such as the jurisdiction's strong interest in effective law enforcement and the development and precise formulation of the rules of evidence applicable in criminal proceedings may warrant dispensing with confrontation at trial. Id. at 64, 100 S.Ct. at 2538. The United States Supreme Court has "attempted to harmonize the goal of the Clause  placing limits on the kind of evidence that may be received against a defendant  with a societal interest in accurate factfinding, which may require consideration of out-of-court statements." Bourjaily v. United States, 483 U.S. 171, 107 S.Ct. 2775, 2782, 97 L.Ed.2d 144 (1987).
In Ohio v. Roberts, the Court laid down a "general approach" to the problem of reconciling hearsay exceptions with the confrontation clause which provides:
The Confrontation Clause operates in two separate ways to restrict the range of admissible hearsay. First, in conformance with the Framers' preference for face-to-face accusation, the Sixth Amendment establishes a rule of necessity. In the usual case (including cases where prior cross-examination has occurred), the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant.
The second aspect operates once a witness is shown to be unavailable. Reflecting its underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause countenances only hearsay marked with such trustworthiness that "there is no material departure from the reason of the general rule."
*209 448 U.S. at 65, 100 S.Ct. at 2538-2539 (citations omitted). See also Bourjaily, 107 S.Ct. at 2782. Reliability may be inferred without more where the evidence falls within a firmly rooted hearsay exception. If the evidence does not fall within a firmly rooted hearsay exception, there must be a showing of "particularized guarantees of trustworthiness." Id. 448 U.S. at 66, 100 S.Ct. at 2539.[4]
Section 90.803(23), Florida Statutes (1985), follows the general approach set forth by the United States Supreme Court in Ohio v. Roberts. The hearsay exception for statements of a child victim of sexual abuse is not a firmly rooted exception, and by its terms is to be used when the child's out-of-court statement is "not otherwise admissible." § 90.803(23)(a), Fla. Stat. (1985). Therefore, in accordance with Ohio v. Roberts, the statute provides that before the out-of-court statements of the child victim may be admitted the court must first find, in a hearing, that "the time, content, and circumstances of the statement provide sufficient safeguards of reliability." Secondly, the child victim must either testify or be unavailable as a witness. If the child testifies, the defendant has been afforded an opportunity to confront the hearsay declarant. See California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). If the child victim does not testify, section 90.803(23) requires, in addition to a determination that the child is unavailable, "other corroborative evidence of the abuse or offense," which provides particularized guarantees of trustworthiness. We agree with the district court below that section 90.803(23) comports with the requirements of the confrontation clauses of both the federal constitution and the Florida Constitution. Accord State v. Myatt, 237 Kan. 17, 697 P.2d 836 (1985); State v. Bellotti, 383 N.W.2d 308 (Minn. Ct. App. 1986).[5]
We also reject Perez' argument that the factors set forth in the statute for the court to consider in determining the reliability of the child victim's statements are too vague to guarantee an accused defendant that the statements bear sufficient indicia of reliability. The reliability of a hearsay declaration is a question to be determined by the court. See § 90.803(23)(a)(1), Fla. Stat. (1985). Accord State v. Superior Court, 149 Ariz. 397, 403, 719 P.2d 283, 289 (Ct.App. 1986). The statute sets forth the factors to be considered in determining reliability: time, content, and circumstances. These factors are sufficient to enable the court to determine whether the hearsay is *210 marked with such trustworthiness that "`there is no material departure from the reason of the general rule'" excluding hearsay. Ohio v. Roberts, 448 U.S. at 65, 100 S.Ct. at 2538 (quoting Snyder v. Massachusetts, 291 U.S. 97, 107, 54 S.Ct. 330, 333, 78 L.Ed. 674 (1934)).
Although the legislature provided a list of various elements that the court may consider in determining whether the time, content, and circumstances of the child victim's statement provide sufficient safeguards of reliability, section 90.803(23)(a)(1), Florida Statutes (1985), the list is not exhaustive, as demonstrated by that portion of the subsection which provides that the court may also consider "any other factor deemed appropriate." Indeed, there could be no exhaustive list of elements to be considered. Each declaration, factually, will present varying elements relevant to the factors of time, content, and circumstance and the determination of reliability cannot rest upon any specific calculation.
Perez next argues that even if the hearsay exception is constitutional, the statute was unconstitutionally applied in his case. The trial judge did not examine the child victim before denying Perez' motions to exclude the hearsay statements and compel the child to testify. Perez contends the trial court must examine the child before determining that testifying in open court would create a substantial likelihood of severe emotional or mental harm. Perez also contends the trial judge must examine the child and make a determination that the child declarant is competent based on an ability to receive just impressions of the facts concerning the event before concluding that sufficient safeguards of reliability are present to allow introduction of the statements. We again disagree.
Absent a showing of an abuse of discretion, the trial judge's finding regarding the likelihood of severe emotional or mental harm to the child due to participating in the trial or proceeding or the trial judge's determination that the out-of-court statements bear sufficient indicia of reliability will be upheld. Cf. Rutledge v. State, 374 So.2d 975 (Fla. 1979), cert. denied, 446 U.S. 913, 100 S.Ct. 1844, 64 L.Ed.2d 267 (1980) (trial court decision as to whether an infant of tender years has sufficient mental capacity and sense of moral obligation to be competent as a witness will not be disturbed absent a manifest abuse of discretion). The trial judge properly followed the requirements of section 90.803(23) by making specific findings of fact on the record as to the basis for determining that requiring the child to participate in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, thereby rendering the child unavailable as a witness. The trial judge heard testimony from Gina Rachiele, a representative from the Osceola County Mental Health Association, regarding the probable effects of the child of having to testify in open court. She stated that based on her observations and conversations with the child and on a test given to the child, she had formed the opinion that requiring the child to testify in open court or in other open proceedings would cause substantial likelihood of severe mental and emotional harm. The child's mother also testified that the child would suffer mental or emotional distress if he had to testify in open court. The trial court's determination is supported by competent, substantial evidence. Accord Robinson, 735 P.2d at 813. Because the court determined the child was unavailable due to the likelihood of substantial emotional harm if required to participate in the proceedings, section 90.803(23)(a)(2)(b) requires other corroborative evidence of the abuse. Perez' admission of the offense to Officer Massie constitutes sufficient corroborative evidence of the offense.
We reject the argument that the child must be found to be competent to testify before the child's out-of-court statements may be found to bear sufficient safeguards of reliability. Section 90.603(2), Florida Statutes (1985), provides that "[a] person is disqualified to testify as a witness when the court determines that he is ... [i]ncapable of understanding the duty of a witness to tell the truth." A young *211 child generally does not understand abstract concepts such as duty, truth, or lie. The fact that a child is incompetent to testify at trial according to section 90.603(2) does not necessarily mean that the child is unable to state the truth. The requirement that the trial court find that the time, content, and circumstances of the statement provide sufficient safeguards of reliability furnishes a sufficient guarantee of trustworthiness of the hearsay statement, obviating the necessity that the child understand the duty of a witness to tell the truth.
We also reject the argument that the trial judge must always personally examine the child before finding that the out-of-court statements of the child are reliable. In the present case, the trial judge properly made findings, on the record, that the time, content, and circumstances of the child's statements provided sufficient safeguards of reliability. Specifically, the trial judge found that the child victim made the statement
either four days after or the evening after it happened, which is fairly recent... . It appears that the child clearly and precisely said what happened to him. Now, the circumstances of the statement in this particular case, this is a three year old child, there is some testimony that he thought this type of activity was all right, he was telling his baby sister that in the bathtub and the mother overheard him. It seems to me under those circumstances that the statement was reliable. There is no showing or suggestion that he would fabricate that. He made the statement later on that night to the lady police officer, which again seemed to me the circumstances there indicated reliability.
These findings were made after presentation of testimony from the child's mother and Detective Massie regarding the statements.
Perez' defense counsel questioned the child's mother regarding the reliability of the child's statement, noting previous behavioral problems which included not telling the truth when confronted after misbehaving. In addition, petitioner's mother and father appeared as defense witnesses and testified about behavioral problems experienced with the child victim. These factors were taken into consideration by the trial judge in making his determination that the statements were reliable:
Now, the child  there is testimony when the child committed acts he knew was (sic) acts of misconduct he first denied it, but upon further inquiry he would probably admit the truth of it. I think that ought to be distinguished from the situation here, which was the child was talking to his sister and later told the mother and a police officer about an act that he didn't think was wrong. It was certainly not a situation where he [had] marked the walls or broken the sister's toy or something like that and when confronted with it would deny it and later admit it.
Although it is generally preferable for the trial judge to personally examine the child declarant in order to determine the child's ability to accurately perceive and relate facts concerning the event, we conclude that the trial judge's finding that the statements are reliable is supported by competent, substantial evidence and Perez has therefore not demonstrated an abuse of discretion. The child's statements were spontaneous, made initially with no prompting or interrogation by an adult. The child's statements are consistent and the child-like description of the act gives his statement the ring of truth. The testimony presented adequately demonstrated that the child accurately perceived and related the circumstances of the offense.
In summary, we hold that section 90.803(23), Florida Statutes (1985), is constitutional. We also hold that the trial court correctly applied the provisions of the section. Accordingly, we approve the decision of the district court below.
It is so ordered.
McDONALD, BARKETT and KOGAN, JJ., concur.
OVERTON, J., concurs specially with an opinion in which SHAW and KOGAN, JJ., concur.
*212 SHAW, J., concurs specially with an opinion.
GRIMES, J., Did not participate in this case.
OVERTON, Justice, concurring specially.
I concur. I am, however, concerned about a judge making a determination that the child's statements are reliable based solely on third party statements. I feel the procedure would better meet constitutional objections if the judge personally saw and examined the child in camera.
SHAW and KOGAN, JJ., concur.
SHAW, Justice, concurring specially.
I agree that section 90.803(23), Florida Statutes (1985), is constitutional. I write separately because the majority opinion omits the critical facts which show that there were sufficient indicia of reliability to enable the judge to admit the hearsay statements without personally examining the child. The hearsay statements were made to a number of people, not merely the mother. It is unlikely that the hearers (witnesses) were engaged in a conspiracy to convict the petitioner. Even more significantly, the hearsay statements were consistent with the confession of petitioner that he sexually abused the child. Under these circumstances, the hearsay corroborated the confession and served only to prove corpus delicti by showing that a crime had been committed. Prima facie proof is sufficient to prove corpus delicti and to admit the confession. Jefferson v. State, 128 So.2d 132, 135 (Fla. 1961). In many cases, the reliability of the statement would not be so easily shown as the majority opinion suggests. In those cases where the hearsay is the primary evidence, showing both that the crime was committed and that it was committed by the defendant, it is imperative that the indicia of reliability be clearly established. This, in my opinion, would normally require that the judge personally examine the child.
NOTES
[1] Section 90.803(23), Florida Statutes (1985), provides:

HEARSAY EXCEPTION; STATEMENT OF CHILD VICTIM OF SEXUAL ABUSE OR SEXUAL OFFENSE AGAINST A CHILD. 
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse, sexual abuse, or any other offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability. In making its determination, the court may consider the mental and physical age and maturity of the child, the nature and duration of the abuse or offense, the relationship of the child to the offender, the reliability of the assertion, the reliability of the child victim, and any other factor deemed appropriate; and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense. Unavailability shall include a finding by the court that the child's participation in the trial or proceeding would result in a substantial likelihood of severe emotional or mental harm, in addition to findings pursuant to § 90.804(1).
(b) In a criminal action, the defendant shall be notified no later than 10 days before trial that a statement which qualifies as a hearsay exception pursuant to this subsection will be offered as evidence at trial. The notice shall include a written statement of the content of the child's statement, the time at which the statement was made, the circumstances surrounding the statement which indicate its reliability, and such other particulars as necessary to provide full disclosure of the statement.
(c) The court shall make specific findings of fact, on the record, as to the basis for its ruling under this subsection.
[2] The sixth amendment's confrontation clause, made applicable to the states through the fourteenth amendment, Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."
[3] Article I, section 16, of the Florida Constitution provides, in pertinent part: "In all criminal prosecutions the accused shall ... have the right ... to confront at trial adverse witnesses... ."
[4] Noting the similarities between the confrontation clauses of the federal and Florida constitutions, we perceive no reason to interpret article I, section 16, of the Florida Constitution any differently than its federal counterpart in regard to this issue.
[5] Further support in favor of determining that section 90.803(23) is constitutional can be found in United States v. Inadi, 475 U.S. 387, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986), a recent United States Supreme Court decision discussing Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The Court stated that Roberts cannot be fairly read to stand for the proposition that no out-of-court statement can be introduced by the government without a showing that the declarant is unavailable. In Inadi, the Court pointed out that the statements involved in Ohio v. Roberts, prior testimony, were only a weaker substitute for live testimony, which seldom has independent evidentiary significance of its own. Therefore, prior testimony may only be admitted if the declarant is unavailable, as a substitute for live testimony on the same point, because no "better" version of the evidence exists. The Court contrasted the prior testimony in Roberts with co-conspirator statements. The Court noted that co-conspirator statements derive much of their value from the fact that they are made in a context very different from trial, and therefore are usually irreplaceable as substantive evidence. The Court held that it is not necessary to establish that the declarant is unavailable before an out-of-court statement of a co-conspirator may be admitted.

Under this recent analysis, the requirement of demonstrating unavailability when the child does not testify before admitting an out-of-court statement of a child victim of sexual abuse may provide greater protection to a defendant than constitutionally required under the confrontation clause. We agree with the Arizona Supreme Court that, as with the statements of a co-conspirator, a child victim's statements are "valuable and trustworthy in part because they exude the naivete and curiosity of a small child, and were made in circumstances very different from interrogation or a criminal trial," State v. Robinson, 153 Ariz. 191, 204, 735 P.2d 801, 814 (1987), and "therefore are usually irreplaceable as substantive evidence." Inadi, 475 U.S. at 394, 106 S.Ct. at 1126.