PARKER, Judge,
concurring.
I concur in the result which the majority has reached. Cherryhomes’s conviction must be reversed because the record does not contain the trial court’s findings regarding the reliability of the hearsay statements and the substantial likelihood of severe emotional or mental harm to the child. I write to urge the legislature to revisit section 90.803(23)(a) as it applies to a child victim who has been declared incompetent to testify.
Section 90.803(23)(a) mandates the following four requirements for a nontestifying child’s hearsay statement to be admitted into evidence: a finding that the circumstances surrounding the statement provide sufficient safeguards of reliability; a finding that the victim’s participation in the proceeding would result in a substantial likelihood of severe emotional or mental harm; other corroborative evidence of abuse; and unavailability. The majority holds that the trial court erred in concluding that the victim was unavailable to testify because the trial court had ruled that the child was incompetent to testify. The language in section 90.803(23)(a)2.b. clearly requires that the child’s unavailability be determined pursuant to section 90.804(1). A child ruled incompetent to testify possibly would fall within the purview of section 90.-804(l)(d) which classifies a person with a then existing mental infirmity as unavailable. If the legislature did not intend for an incompetent witness to fall within this category, then, in my opinion, it should amend section 90.803(23) because an incompetent witness, in fact, is unavailable to testify.
I disagree with the majority’s statement that the victim’s lack of understanding of what the truth is easts grave doubt on the reliability of her hearsay statements to her *989 grandmother and teacher. The child’s grandmother and teacher may well be her closest confidantes. The supreme court has recognized the difference between a child’s understanding to tell the truth at a court proceeding and the trustworthiness of statements the child has made to others, as evidenced by the following:
[A] child victim’s statements are “valuable and trustworthy in part because they exude the naivete and curiosity of a small child, and were made in circumstances very different from interrogation or a criminal trial,” State v. Robinson, 153 Ariz. 191, 204, 735 P.2d 801, 814 (1987), and “therefore are usually irreplaceable of substantive evidence.” [United States ¾,] Ina-di 475 U.S. [387,] 394, 106 S.Ct. [1121,] 1126, [89 L.Ed.2d 390, 399 (1986) ].
Perez v. State, 536 So.2d 206, 209 n. 5 (Fla. 1988), cert, denied, 492 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989). The statute’s requirement of a finding that the circumstances of the statement provide sufficient safeguards of reliability should quell any fear that the statement is untrustworthy.
Finally, I believe that it defies common sense to require a trial court to make a finding that a child is likely to suffer severe emotional or mental harm when the trial court has declared the child incompetent to testify. If the child will not be present to testify because of incompetency, then there will be no harm to the child resulting from the child’s participation in the trial. Thus, I would encourage the legislature to revisit section 90.803(23)(a) as it applies to a child victim whom the trial court has declared incompetent to testify to require only that the circumstances of the statement provide sufficient safeguards of reliability and other corroborative evidence of abuse.