PER CURIAM.
P.D. appeals an adjudication of delinquency for commission of a lewd and lascivious act. We affirm.
P.D. contends that the petition should have been dismissed because it alleged a twenty-eight month time frame during which the charged lewd and lascivious act occurred. As the victim was a young child, the State was unable to narrow the time frame to a shorter period. We find no abuse of discretion in the trial court’s denial of P.D.’s motion to dismiss, and conclude that the trial court’s ruling was consistent with the Florida Supreme Court’s decision in DelVOrfano v. State, 616 So.2d 33, 36-36 & n. 5 (Fla.1993).
As to the second point on appeal, we conclude that the evidence was sufficient to convict.
As the third issue, P.D. contends that the trial court erred by admitting into evidence child hearsay pursuant to subsection 90.803(23), Florida Statutes (1991). The trial court’s written order indicates that it considered the correct factors under subsection 90.803(23), and in our view the order is consistent with Perez v. State, 536 So.2d 206 (Fla.1988), cert, denied, 492 U.S. 923, 109 S.Ct. 3253,106 L.Ed.2d 599 (1989), as well as the later-announced decision in State v. Townsend, 635 So.2d 949 (Fla.1994).
P.D. asserts that the trial court refused to consider the competency of the child in deciding whether the child hearsay was reliable. We think that P.D. misreads the trial court’s order and the proceedings below. P.D.’s argument prior to trial was that the child victim’s hearsay statements could not be admitted unless there was a finding that the child was competent. That is an incorrect statement of law and the trial court correctly rejected it. See Perez, 536 So.2d at 210-11.
The trial court’s order, entered at the start of the trial, indicates that the court had not interviewed the child and could not assess “present competency.” In this case the trial court had made a pretrial determination that the child victim was unavailable to testify at trial because of a finding that the child’s participation in the trial would result in a substantial likelihood of severe emotional or mental harm. See § 90.803(23)(a)2.b., Fla. Stat. Since the child victim was unavailable to testify at trial, there was no necessity to make a determination of competency to testify at trial.
Elsewhere in the same order, the trial court found that “the child did not appear to be competent at the time of the incident.”
*970 The trial court did not make a specific determination whether the child was competent at the subsequent date that the child made her statements to the third party witnesses. However, read in full context the trial court was proceeding on the premise that the child victim was not competent at the pertinent times. The court nonetheless found that the child hearsay statements had sufficient indi-cia of reliability to be admitted under the statute, notwithstanding the child’s lack of competence. This is a correct application of the case law, see Perez, 536 So.2d at 210-11, and there is adequate evidentiary support for the trial court’s determination.
As the fourth issue, P.D. challenged the constitutionality of subsection 90.803(23), Florida Statutes. We reject that point on authority of State v. Townsend, 635 So.2d at 956-58.
As to the final point on appeal, we find no error in the trial court’s denial of P.D.’s motion to suppress the statement he gave to the police.
Affirmed.