THOMPSON, C.J.
Joseph R. Tussey appeals his convictions for lewd act upon a child and lewd act in the presence of J.S., a child. He claims that the court erred in allowing the child’s mother to testify that the child told her Tussey exposed himself to the child and fondled the child. We agree and reverse.
Generally, prior consistent statements are not admissible to bolster the testimony of a witness. Chandler v. State, 702 So.2d 186 (Fla.1997). Section 90. 803(23), Florida Statutes provides an exception for the hearsay statement of a child victim if the court first finds that “the time, content, and circumstances of the statement provide sufficient safeguards of reliability.” Perez v. State, 536 So.2d 206, 209 (Fla.1988). Both the statute and deci-sional law set forth factors that can be considered in determining whether the statement is reliable. See State v. Townsend, 635 So.2d 949 (Fla.1994); § 90.803(23)1., Fla. Stat. “[I]t is essential that the trustworthiness and reliability requirements of section 90.803(23) be strictly followed.” Id. at 957. The mere recitation of the boilerplate language of the statute is insufficient. Hopkins v. State, 632 So.2d 1372 (Fla.1994).
Absent the specific findings of reliability mandated by the statute, a reviewing court cannot determine whether the statements were in fact reliable. Failure to make specific findings not only ignores the clear directive of the statute, but also implicates the defendant’s constitutional right to confrontation. See Perez v. State, 536 So.2d 206 (Fla.1988) (finding section 90.803(23) constitutional and discussing interrelation with the Confrontation Clause), cert. denied, 492 *1190 U.S. 923, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989).
Id. at 1377.
In the instant case, the court ruled as follows:
THE COURT: As far as the reliability and trustworthiness of the statement, the Court finds after having read the depositions, listening to the testimony of [J.S.] this morning, and just listening to the testimony that the state elicited at this hearing on the hearsay rule, that there are — there exists consistencies and reliability and trustworthiness and that’s between the statements that were made and the time and content of the statements for them to be admissible according to this Court.
I know what you are saying, Mr. Abercrombie [defense counsel]. He is a child and both of you did a very good job this morning, but when you sit back and listen, there were a couple times he said he was watching TV, and I have in my notes he was also watching TV by the bureau.
I mean, I don’t know the configuration of the house, but evidently it is all very close. I mean, where he was standing by this bureau, which evidently is next to the kitchen, you can also see the TV. [DEFENSE COUNSEL]: No.
THE COURT: Well, you can gather that from the way the testimony goes. No one drew a picture, so I can’t picture it in my mind. And then he answered that — a lot was in response to questions that you asked him, so I don’t think that that’s enough confusion or enough inconsistency for it not to be reliable.
This ruling does not meet the requirements of the statute. Comparison shows it is no more comprehensive than those ruled inadequate in other cases. Compare Hopkins, Mathis v. State, 682 So.2d 175 (Fla. 1st DCA 1996), Kertell v. State, 649 So.2d 892 (Fla. 2d DCA 1995), Garcia v. State, 659 So.2d 388 (Fla. 2d DCA 1995); Weatherford v. State, 561 So.2d 629 (Fla. 1st DCA 1990).
Moreover, we cannot hold that the error was harmless. The case basically consisted of Tussey’s word against J.S.’s, and some of J.S’s testimony was inconsistent. Because we cannot say the erroneously admitted evidence did not affect the verdict, see State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986), the judgment of conviction is reversed.[1]
REVERSED and REMANDED.
SAWAYA and PLEUS, JJ., concur.

. In view of this conclusion, we do not address either Tussey’s contention that the court should have excluded the hearsay because the state failed to comply with the notice requirement of section 90.803(23)(b)., or the state’s contention that the trial court erred in imposing a downward departure sentence.