980 So.2d 1220 (2008)
Eliseo G. SALDANA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3285.
District Court of Appeal of Florida, Second District.
May 2, 2008.
*1221 James Marion Moorman, Public Defender, and Elizabeth Greer, Special Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Susan M. Shanahan, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
Eliseo Saldana appeals his conviction for possession of a firearm by a convicted felon. The trial court erroneously allowed the jury to deliberate on three separate instances of alleged possession where the State charged Mr. Saldana with only one count. Consequently, we reverse.
The information alleged that Mr. Saldana owned or had in his care, custody, possession, or control, a "9mm handgun and/or .45 caliber Ruger." See § 790.23, Fla. Stat. (2004). Although the State proceeded with one count, the information alleged further that Mr. Saldana possessed one or both guns at three separate times and places over a two-day period. He denied that he possessed any firearm. Mr. Saldana filed a motion to dismiss for duplicity and a motion for a statement of particulars.[1]
The trial court denied both motions but stated that it would require a special verdict form with interrogatories designed to determine whether Mr. Saldana possessed the handgun, the Ruger, both, or neither. Given the number of guns and the various dates and places of possession, this procedure would ensure juror unanimity on the precise weapon(s) possessed, and the time and place of possession, if there were a conviction.
A different judge presided at trial. He reversed the earlier ruling and used a general verdict form that did not require the jurors to specify for which of the several incidents they found Mr. Saldana guilty. Mr. Saldana argues that the trial court erred in denying his motion to dismiss, denying his motion for a statement of particulars, and failing to use a special verdict form with interrogatories.
We review the denial of a motion to dismiss for an allegedly defective charging document for abuse of discretion. See P.D. v. State, 666 So.2d 968, 969 (Fla. 3d DCA 1996). Florida Rule of Criminal Procedure 3.140(k)(5) permits disjunctive or alternative allegations for an offense that may be committed by one or more of several means or acts. Rule 3.140(o) provides that no motion to dismiss for a disjunctive pleading defect will be granted unless the information is so vague or indistinct as to embarrass or mislead the defendant *1222 in preparing his defense. Here, the information could not prejudice or mislead Mr. Saldana; any of the three alternative incidents would constitute the charged offense. See Grant v. State, 622 So.2d 186, 186-87 (Fla. 3d DCA 1993). Therefore, the trial court did not abuse its discretion in denying the motion to dismiss. We also conclude that the trial court did not abuse its discretion in denying Mr. Saldana's motion for a statement of particulars; the information sufficiently informed Mr. Saldana of the charge against him. See Fla. R.Crim. P. 3.140(n); Peel v. State, 154 So.2d 910, 912 (Fla. 2d DCA 1963).
The trial court, however, erred in using a general verdict form that did not ensure a unanimous verdict. "`As a state constitutional matter, a criminal conviction requires a unanimous verdict in Florida. . . . Where a single count embraces two or more separate offenses, albeit in violation of the same statute, the jury cannot convict unless its verdict is unanimous as to at least one specific act.'" Perley v. State, 947 So.2d 672, 675 (Fla. 4th DCA 2007) (quoting Robinson v. State, 881 So.2d 29, 30-31 (Fla. 1st DCA 2004)).
In Perley, the State charged the defendant with one count of escape but presented evidence of two unrelated escape incidents. The Fourth District reversed the conviction, holding that the trial court "compromised the jury's ability to render a unanimous verdict" by allowing the State to argue that the jury could convict the defendant for either instance of escape. Id. at 674. The court reasoned that some jurors might have convicted the defendant based on one incident while others might have convicted him based on the other incident. There was no guarantee of a unanimous finding that the same incident constituted escape. Id. at 674-75. As a result, "the trial court fundamentally erred in allowing the jury to deliberate on two separate instances of escape where [defendant] was only charged with one count of escape." Id. at 674.
Similarly, the State charged Mr. Saldana with one count of possession of a firearm by a convicted felon but presented evidence that he possessed one or two different guns at three separate times and places. As in Perley, the State suggested in closing argument that it did not matter which gun, if any, Mr. Saldana had on the separate occasions. This set up a situation like that in Perley. Allowing the jury to convict Mr. Saldana without ensuring unanimity that the same incident constituted the charged crime compromised the validity of the verdict.[2]See id. at 674-75.
We are unpersuaded by the State's argument that Mr. Saldana waived this issue by failing to object to the final verdict form. Unlike Perley, we need not address fundamental error. Our review of the record reflects that Mr. Saldana's counsel objected to, and consequently preserved for our review, the use of the general verdict form. See Higgs v. State, 948 So.2d 1024, 1025 (Fla. 2d DCA 2007). Mr. Saldana is entitled to a new trial.
Reversed and remanded.
WHATLEY and WALLACE, JJ., Concur.
NOTES
[1] An information is duplicitous when it joins two or more separate offenses, or alternative means of committing the same offense, into a single count. Fountain v. State, 623 So.2d 572, 573-74 (Fla. 1st DCA 1993).
[2] We note that Florida Rule of Criminal Procedure 3.420 allows the trial court, sua sponte, to give additional and corrective instructions after notice to the State and defendant. We also note that Florida Standard Jury Instructions (Criminal) 3.10 (Rules for Deliberation), 3.12 (Verdict), and 3.13 (Submitting Case to Jury), all used in this case, require a unanimous verdict. Unfortunately, we cannot say that such instructions adequately addressed the problem faced by the jury.