947 So.2d 672 (2007)
Daniel Paul PERLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-1398.
District Court of Appeal of Florida, Fourth District.
January 31, 2007.
*673 Daniel Paul Perley, Lake City, pro se.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Daniel Paul Perley, appeals a judgment and sentence for one count of escape and two counts of resisting an officer without violence. Perley raises fourteen issues in this appeal, but we write to address only two of the issues in this opinion. *674 Perley argues the trial court erred in allowing the State to present two separate theories of escape when only one count of escape was charged in the information, and in denying his motion for arrest of judgment on the conviction for escape. We agree with Perley's arguments, reverse his escape conviction and remand for a new trial on a single count of escape.
Perley was the passenger in a car detained as part of a routine traffic stop. When Perley was asked to show his identification, he did not immediately comply. The officer became concerned about the placement of Perley's hands and began to walk around to the passenger door. At this point, Perley jumped out of the car, allegedly shoved the officer and began running away. The officer caught Perley and a struggle ensued. Perley broke away and the officer pursued him. After the officer caught Perley and he was placed in the back of a police car, Perley began complaining of chest pains. Perley was taken to the hospital and while there, attempted to escape but was caught. Perley was charged with one count of escape, but at trial, the State informed the jury it could convict him of either instance of escape.
"It is a basic tenet of constitutional law that due process is violated when an individual is convicted of a crime not charged in the charging instrument." Castillo v. State, 929 So.2d 1180, 1181 (Fla. 4th DCA 2006). "So-called technical deficiencies in a charging instrument are waived if the defendant does not raise them before the state rests its case." Id. Perley waived this issue below, as no objection to the charging information was ever raised. However, even if waived below, if the defect constitutes fundamental error, it can be raised for the first time on direct appeal. Id. "A criminal information is fundamentally defective `only where it totally omits an essential element of the crime or is so vague, indistinct or indefinite that the defendant is misled or exposed to double jeopardy.'" Felton v. State, 919 So.2d 557, 559 (Fla. 5th DCA 2005) (quoting Smartmays v. State, 901 So.2d 278 (Fla. 5th DCA 2005)). "The overriding concern is whether the defendant had sufficient notice of the crimes for which he is being tried." McMillan v. State, 832 So.2d 946, 948 (Fla. 5th DCA 2002).
The information was not fundamentally defective in and of itself. Count two of the information fully laid out the elements of escape, even though it did not include any factual specifics surrounding the escape which would have clarified the charge. However, while the information itself is not fundamentally defective, we find the trial court fundamentally erred in allowing the jury to deliberate on two separate instances of escape where Perley was only charged with one count of escape. The State contends that the two instances of escape merely constitute different theories of the crime, and argue that it was perfectly acceptable for it to move forward on dual theories at trial. We disagree with the State's argument. While the presentation of dual theories of a crime is allowable, this occurs when a defendant is charged with the commission of one crime, and the State presents two scenarios or bases supporting the commission of the crime. See Mackerley v. State, 777 So.2d 969 (Fla.2001). In this case, the State charged Perley with one count of escape, but presented evidence of two entirely separate incidents, separated by both time and place. By allowing the State to tell the jury it could convict Perley for either instance of escape, the trial court compromised the jury's ability to render a unanimous verdict.
The State's actions make the unanimity of the jury's verdict questionable, *675 as some members of the jury could have determined that one incident constituted escape, while others on the jury could have determined that the other incident constituted escape, rather than agreeing unanimously that the same incident constituted escape. "As a state constitutional matter, a criminal conviction requires a unanimous verdict in Florida." Robinson v. State, 881 So.2d 29, 30 (Fla. 1st DCA 2004). "Where a single count embraces two or more separate offenses, albeit in violation of the same statute, the jury cannot convict unless its verdict is unanimous as to at least one specific act." Id. at 31. "Where it is reasonable and possible to distinguish between specific incidents or occurrences . . . then each should be contained in a separate count of the accusatory document." State v. Dell'Orfano, 651 So.2d 1213, 1216 (Fla. 4th DCA 1995).
While these cases deal with situations in which the charging instrument gives an "either/or" scenario, as opposed to this case in which the charging instrument simply lays out the elements of the crime, the effect on jury unanimity is the same. The State could have charged Perley with both instances of escape, but chose not to do so. The State cannot then present evidence as to both alleged escapes and inform the jury it can convict for either one, thereby making it difficult, if not impossible, to determine which incident the jury convicted Perley for, or if the jury reached an unanimous decision. Therefore, we reverse Perley's conviction for escape, and remand.
Perley also argues that the trial court erred in denying his motion for arrest of judgment. The main thrust of the motion was whether the count of escape was properly charged. It follows from our analysis above and our reversal of Perley's conviction for escape that the trial court erred in denying the motion for arrest of judgment on this issue.
Perley also argues that the trial court erred in instructing the jury that a traffic stop constituted a lawful execution of a legal duty, as this impermissibly removed a disputed issue from the jury's consideration. We disagree with Perley's argument; however, as we are remanding for a new trial, we wish to point out that Perley's charge of escape actually arose from the officer's arresting him for an alleged battery of a police officer, not from the traffic stop. Therefore, the trial court should have instructed the jury on whether an arrest incident to a battery of a police officer was a lawful execution of a duty, rather than a traffic stop. Although Perley was acquitted of the battery at trial, the trial court can still instruct the jury on this point.
We reverse Perley's conviction for escape and affirm his convictions for resisting an officer without violence. We remand for a new trial on a single count of escape, for which the State must elect on which of the two incidents it is proceeding.
WARNER and GROSS, JJ., concur.