PER CURIAM.
The issue presented in this case is whether the trial court committed fundamental error by instructing the jury that voluntary intoxication was not a defense, even though at the date of the commission of the crime, voluntary intoxication was still a viable defense. Although the trial court incorrectly instructed the jury on the law, we find the error was not fundamental error and does not compel a reversal.
Craig Krause resided with the victim and her son. Krause and the victim argued frequently, and Krause threatened to kill the victim several months before she was murdered. On August 21, 1999, a neighbor heard Krause and the victim arguing and then saw Krause sitting outside the house crying. Krause had a bottle in his hand at the time.
About an hour later, the same neighbor was awakened to the sound of his mother yelling about a fire. The victim was found in the charred residence with fourteen stab wounds, which included defensive wounds and a stab wound to the left side of her head. The victim died due to multiple sharp force injuries.
Krause was found a little over one mile from the victim’s residence. Krause admitted to law enforcement that he killed the victim and set her residence on fire.
During the trial, the jury was permitted to submit written questions to the witnesses. One juror submitted this question: “During the investigation of Mr. Krause was there ever any indication, or was he ever tested for being intoxicated?” The trial court determined that the question could not be asked because intoxication was not a legal defense. Neither side objected to the trial court’s ruling.
After the testimony of another witness, a nurse who treated Krause in the emergency room, a juror asked, “[D]id the patient appear to be intoxicated?” Another juror similarly asked, “Did Mr. Krause appear to be intoxicated or show signs of intoxication?” The trial court again noted that voluntary intoxication was not a defense, except this time the State noted that an instruction on voluntary intoxication needed to be given.
*73 During the jury charge conference, the State requested, as a result of all the questions from the jury, a jury instruction stating that voluntary intoxication was not a defense in this case. Krause’s counsel objected without explanation, simply stating: “Judge, for the record we object to the voluntary intoxication instruction.” The trial court overruled Krause’s objection.
During closing argument, the State mentioned on several occasions that voluntary intoxication is not a defense. Krause made no mention of voluntary intoxication in closing argument; rather he argued the lack of evidence linking him to the crime and the possibility that another person may have committed the crime.
During jury deliberations, the trial court announced to the parties that it had conducted further research and realized that the defense of voluntary intoxication was repealed on October 1, 1999. Since the crime took place on August 21, 1999, Krause was, in fact, entitled to the affirmative jury instruction of voluntary intoxication as a viable defense.
The State suggested that the jury be reinstructed on the correct law, but Krause objected to reading the jury instruction on voluntary intoxication, stating that it would be unfair to read a new instruction in the middle of the jury’s deliberations. Krause’s counsel believed the instruction was unnecessary, and further, that voluntary intoxication was not part of Krause’s defense strategy. Significantly, Krause personally agreed on the record with his counsel on this matter:
COURT: So you think I should not instruct them on voluntary intoxication?
DEFENDANT: Right, I stick with my lawyer on this.
COURT: Okay. So you agree with Mr. Fein on one thing?
DEFENDANT: Finally.
“Generally speaking, the standard of review for jury instructions is abuse of discretion,” but that “discretion, as with any issue of law is strictly limited by case law.” Lewis v. State, 22 So.3d 758, 758 (Fla. 4th DCA 2009) (alteration omitted) (citation omitted). Any objection to a jury instruction must be specific, and a general objection to a jury instruction will not be sufficient to preserve the issue for appeal. Tolbert v. State, 679 So.2d 816, 818 (Fla. 4th DCA 1996).
Since there was no specific objection during the jury charge conference, we must review to determine if the error was fundamental error. Fundamental error is error that “reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Bassallo v. State, 46 So.3d 1205, 1209 (Fla. 4th DCA 2010) (quoting Lawrence v. State, 831 So.2d 121, 137 (Fla. 2002)). An erroneous instruction constitutes fundamental error if it negates the defendant’s sole defense. Wagner v. State, 88 So.3d 250 (Fla. 4th DCA 2012); Brown v. State, 59 So.3d 1217,1219 (Fla. 4th DCA 2011). We find that the incorrect jury instruction given by the trial court did not constitute fundamental error, as it did not negate appellant’s sole defense. Appellant’s defense centered entirely on the lack of evidence and on the possibility of another perpetrator committing the crime. Appellant never mentioned or relied on the voluntary intoxication defense.
Finally, we find that Krause also waived any error emanating from the erroneous jury instruction by agreeing not to instruct the jury with the proper instruction. “[F]undamental error can be waived when defense counsel requests an errone *74 ous instruction, see Armstrong v. State, 579 So.2d 734, 735 (Fla.1991), or affirmatively agrees to an improper instruction, see State v. Lucas, 645 So.2d 425, 427 (Fla.1994).” Falwell v. State, 88 So.3d 970 (Fla. 5th DCA 2012). When given the opportunity to instruct the jury with the correct jury instruction, Krause declined. Krause reiterated that his defense theory was that he did not commit the crime and did not raise the voluntary intoxication defense at all. The trial court did not instruct the jury on the correct instruction pursuant to Krause’s request. By refusing the curative instruction, Krause waived any error.

Affirmed.

WARNER, STEVENSON and CONNER, JJ., concur.