DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**JERMAINE SWATTS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-891

[August 6, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 10-4947 CF10A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

PEREZ, GLADYS, Associate Judge.

Defendant was charged with burglary of a dwelling and grand theft. After a jury trial, the defendant was convicted of trespass of a structure, a lesser-included offense, and grand theft as charged in the second count. On appeal, defendant raises several issues; however, we write to address only his contention that he is entitled to reversal of the trespass conviction because the jury was allowed to consider multiple factual theories where the information charged only a single count of burglary. We agree with defendant's contention, and based upon *Perley v. State*, 947 So. 2d 672 (Fla. 4th DCA 2007), reverse and remand for a new trial only as to the trespass. As to all other issues, including defendant's argument that he was denied a unanimous verdict as to the grand theft charge, we affirm.

Defendant's neighbor returned home from work on March 16, 2010, and was approached by the defendant. The defendant stated that earlier that day he had entered the neighbor's apartment, upon seeing smoke, and turned off the stove. The next evening, March 17, the neighbor's wife

noticed that jewelry and a piggy bank containing $200 were missing. On March 18, the neighbor, while changing a punctured tire, noticed a light in the window of his apartment and called the police. A window had been broken, the front door was open, and computers, a camera, a camcorder, and an MP3 player were missing.

In his statement to the police, defendant admitted he was in the apartment on March 16, accompanied by a co-defendant. Defendant insisted that the co-defendant had taken the jewelry on the 16th and that a man named "Jit" committed the second burglary. Items from the neighbor's apartment were recovered from a pawn shop, having been pawned by a Mr. Baker, who had gone to the pawn shop with the defendant and co-defendant.

Defendant argues he is entitled to reversal of his convictions on the ground that he was denied a unanimous verdict as a consequence of the State's charging a single count of each offense, but presenting multiple factual theories to support a conviction. We agree with Defendant only as to the trespass conviction.

The information charged the defendant with a single count of burglary, alleging the defendant entered the apartment sometime between March 16th and March 18th. Despite this, in opening, the State advised the jury that not only did the defendant burglarize the apartment on March 16th, but he "broke back into the [neighbor's] home two days later to steal more and to continue harassing." At the close of the evidence, defense counsel asked that the court instruct the jury not to consider the alleged second burglary as it had not been investigated. The State insisted there was enough evidence to permit the matter to be considered by the jury. The trial court denied defense counsel's request. In closing argument, the State argued the evidence established the defendant entered the apartment on the 16th and on the 18th, even suggesting at one point that the defendant had entered the apartment a third time, as he had been the one who had turned on the stove. The prosecutor invited the jury to consider the defendant's multiple entries into the apartment in determining whether the defendant was guilty. The prosecutor said, "Do you really have a reasonable doubt about whether at some point, between the 16th and the 18th he went into [the] home, either one is good enough, at some point? Really?"

In *Perley v. State*, 947 So. 2d 672 (Fla. 4th DCA 2007), the defendant was charged with one count of escape and two counts of resisting an officer. With regard to the escape, there was evidence at trial that, during the initial attempts to detain the defendant, he broke away from police and

2

was pursued. The defendant was taken to the hospital and, while at the hospital, the defendant again attempted to escape. The information did not include the factual allegations surrounding the escape and, at trial, the State told the jury it could convict the defendant based upon either the flight from police at the scene or the subsequent flight at the hospital. 947 So. 2d at 674. We held the trial court fundamentally erred by allowing the jury to deliberate on two separate instances of escape where only a single instance was charged in the information as the effect was to deprive the defendant of his constitutional right to a unanimous jury verdict. *Id.*; *see also Chaffin v. State*, 121 So. 3d 608 (Fla. 4th DCA 2013), *review denied*, 139 So. 3d 296 (Fla. 2014).

Initially, we note that the issue was sufficiently preserved, as defense counsel attempted to have the judge preclude the State from making the very argument it made to the jury. Here, as in *Perley* and *Chaffin*, the prosecutor invited the jury to consider either entry in reaching its verdict, telling them "either one is good enough." While the jury ultimately convicted the defendant of trespass, a lesser-included offense of the charged burglary, this does not alter the fact that some of the jurors may have done so based on the March 16th entry, while others may have done so solely based on the March 18th entry. Accordingly, defendant's conviction for trespass is reversed and this cause is remanded.

*Affirmed in part, Reversed in part, and Remanded.*

TAYLOR and CONNER, JJ., concur.

\*    \*    \*

**Not final until disposition of timely filed motion for rehearing.**

3