DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHEL CHERFRERE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4071

[July 17, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Geoffrey D. Cohen, Judge; L.T. Case No. 11-012613CF10A.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Appellant, Michel Cherfrere, appeals his convictions and sentence, contending the trial court erred by: (1) allowing the jury to deliberate on two separate acts of attempted first-degree murder, after he was charged with only one count for the offense; (2) failing to hold a proper *Nelson*[1] hearing; (3) failing to hold the necessary competency hearing and make an independent determination of Appellant's competency; (4) considering Appellant's lack of remorse during sentencing; (5) failing to grant a mistrial after a law enforcement officer gave an opinion when there was no accident investigation; and (6) allowing Appellant to represent himself during part of the trial. We affirm as to all issues raised. We choose to write only on Issue 1, explaining our reasoning.

---

[1] *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973).

*Background*

This appeal arises out of Appellant's third trial on the charges in this case. The first two trials resulted in mistrials.

The information charged Appellant with attempted first-degree murder, aggravated child abuse, and child abuse. In its opening statement, the State explained that the evidence would show that Appellant tried to murder the victim, his wife, after she moved out and ended their relationship. According to the State, the night before the incident, the wife had gone back to Appellant's house to get some of her belongings, and she brought some people and the police with her to keep the peace as she removed her belongings. Appellant was very upset about the wife's actions. Appellant vented his anger the next morning, while the wife and her daughter sat in her SUV at the child's bus stop waiting for the school bus. Appellant rammed his truck into the driver's side of the wife's SUV, tried to push her vehicle farther with his truck after the initial impact, and then got out and started hitting her vehicle with a machete. When the wife fled from her SUV, Appellant chased and stabbed the wife and attacked her daughter as she tried to shield her mother.

The State presented the testimony of neighbors who witnessed the incident and called 911. Witnesses testified to hearing Appellant's truck accelerating from up the street before hearing the crash as he collided with the driver's side of the wife's SUV, which had been waiting at the curb where they had seen it every morning waiting for the school bus. Witness testimony corroborated that Appellant tried to push the SUV a little farther by ramming it once again with his truck after the initial impact. Witnesses testified that Appellant then exited his truck with a machete and began chopping at the wife's SUV. When the wife ran out of the SUV, witnesses testified she screamed for help as Appellant chased her. According to the witnesses, Appellant eventually got on top of the wife on the ground, with her daughter in between them. At that time, Appellant was making jabbing or stabbing motions towards the wife with a big knife in his hand and the wife was covered in blood. Witnesses testified the daughter was trying to shield her mother and that she was covered in blood as well. The witnesses testified that they did not see the wife attack or chase Appellant at any time. They testified that Appellant went back to his truck and grabbed a bottle of liquor and started drinking, and then pursued the wife and daughter again, but neighbors intervened and an ambulance and police arrived.

The wife also testified to the entire incident, and further testified that while Appellant was stabbing her repeatedly, he kept saying, "I'm going to

kill you." She also testified that she eventually grabbed the sharp end of the knife Appellant was holding while he was on top of her, cutting her finger, but that she managed to take the knife from Appellant, after which Appellant bit her, attempted to choke her, and punched her before going back to his truck.

The defense theory of the case was one of self-defense. The defense asserted the wife was angry that she had been unable to get a restraining order on Appellant that would force him out of the house so she could remain in the house herself. Appellant testified that on the morning of the incident, the wife came back into Appellant's house and attacked him with a kitchen knife and that Appellant fled in his truck. Appellant asserted that the wife pursued him in her SUV, and that when he tried to make a U-turn, he accidentally hit her SUV. Appellant testified that the wife was armed with a steak knife and chased Appellant, so he armed himself with a machete in self-defense. Despite the evidence introduced showing the multiple lacerations the wife suffered from the incident, Appellant denied stabbing her or ever taking the knife from her, asserting she had the knife the whole time, and testified he did not know how the wife got her wounds. Notably, witnesses testified that Appellant did not appear to be injured at all, but rather, that he was the one chasing the wife and attacking her.

In closing argument, the State explained to the jury that it had to prove that Appellant did some act intended to cause the wife's death, and argued that Appellant had done such an act:

> STATE: Well, he did do some act. He did crashing [sic] into her car, which was his first attempt to try to kill her, right into the driver's side of her car, and then getting out, chasing her down with a knife, and stabbing her multiple times.

No objection was made to this statement.

Ultimately, the jury found Appellant guilty as charged on all counts. The trial court adjudicated Appellant guilty and sentenced him to life imprisonment for the attempted first-degree murder, to a consecutive thirty years for the aggravated child abuse, and to five years for child abuse, to run concurrently with the aggravated child abuse. Thereafter, Appellant gave notice of appeal.

*Appellate Analysis*

In Count I of the information, Appellant was charged with attempted murder as follows:

3

[O]n the 13th day of October, 2008, in the County and State aforesaid, from a premeditated design to effect the death of [the wife], a human being, did attempt to unlawfully kill [the wife], and during the commission thereof used, displayed, threatened to use, or attempted to use a weapon, to-wit: *a knife and/or a motor vehicle*, and in the furtherance of said attempt did *repeatedly stab [the wife], and/or did intentionally drive a motor vehicle into the driver's side of a motor vehicle being operated by [the wife]*, contrary to F.S. 782.04(1)(a) and F.S. 777.04(1) and F.S. 775.087(1).

(emphases added). The record does not reflect any objections to the information.

On appeal, Appellant argues that the trial court erred in allowing the jury to deliberate on two separate acts of attempted murder (the act of ramming his truck into the wife's occupied SUV and the act of chasing and repeatedly stabbing the wife), where he was only charged with the one count of attempted murder. Appellant maintains his conduct, as asserted by the State from the evidence, constituted two separate acts which occurred in different locations, at different times, and used different weapons, and that this was not a case where one incident occurred. Appellant argues additionally that the State compounded the error by arguing that *either* act could be used in determining his guilt. Thus, Appellant contends that the State prosecuted him for two crimes in one count of the information, resulting in the possibility of a non-unanimous verdict.

Because this argument is being made for the first time on appeal, the issue is reviewed for fundamental error. *State v. Kettell*, 980 So. 2d 1061, 1068 (Fla. 2008) (citing *Castor v. State*, 365 So. 2d 701, 703 (Fla. 1978)) ("[U]npreserved claims of error cannot be raised on appeal absent fundamental error."). "Fundamental error is error that 'reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *Krause v. State*, 98 So. 3d 71, 73 (Fla. 4th DCA 2012) (quoting *Bassallo v. State*, 46 So. 3d 1205, 1209 (Fla. 4th DCA 2010)).

Appellant correctly points out that a jury's verdict must be unanimous to at least one specific act.

"As a state constitutional matter, a criminal conviction requires a unanimous verdict in Florida . . . . Where a single count embraces two or more separate offenses, albeit in

4

> violation of the same statute, the jury cannot convict unless its verdict is unanimous as to at least one specific act."

*Saldana v. State*, 980 So. 2d 1220, 1222 (Fla. 2d DCA 2008) (alteration in original) (quoting *Perley v. State*, 947 So. 2d 672, 675 (Fla. 4th DCA 2007)). Relying on *Perley,* Appellant contends that permitting the State to charge him with two separate and distinct acts in one count of the information and to argue both acts as fulfilling its burden of proof precludes any assurance of a unanimous verdict as required. In this regard, he argues that "[i]t is quite possible that some jurors voted guilty based on the automobile incident and some jurors voted guilty based on the stabbing incident."

Appellant's reliance on *Perley* is misplaced. In *Perley*, we reasoned that fundamental error occurred when the state charged Perley with one count of escape but presented evidence of two entirely separate incidents of escape (once at the time of his arrest, and once later from the hospital where he was taken after complaining of chest pains), and informed the jury it could convict for either one, thus making it unclear whether the jury's verdict was unanimous. *Id.* at 674-75. We instructed that "[w]here it is reasonable and possible to distinguish between specific incidents or occurrences . . . then each should be contained in a separate count of the accusatory document." *Id.* at 675 (alteration in original) (quoting *State v. Dell'Orfano,* 651 So. 2d 1213, 1216 (Fla. 4th DCA 1995)). We also clarified that "[w]hile the presentation of dual theories of a crime is allowable, this occurs when a defendant is charged with the commission of one crime, and the State presents two scenarios or bases supporting the commission of the crime." *Id.* at 674.

In the instant case, the State correctly argues that the way in which it charged Appellant was not improper. *See* Fla. R. Crim. P. 3.140(k)(5) ("*Alternative or Disjunctive Allegations.* For an offense that may be committed by doing 1 or more of several acts, or by 1 or more of several means, or with 1 or more of several intents or results, it is permissible to allege in the disjunctive or alternative such acts, means, intents, or results."). Furthermore, we agree with the State that Appellant incorrectly contends that his ramming of the victim's car and his stabbing the victim are "two entirely separate incidents." Instead, we agree that Appellant's actions in this case were committed during a single criminal episode. Moreover, as we have previously explained:

> "Whether the two offenses were committed during a single criminal episode is a question of fact." *Williams v. State,* 804 So.2d 572, 574 (Fla. 5th DCA 2002). In resolving this question

5

> of fact, the courts "generally consider[ ] factors such as the nature, time, place and number of victims." *Wilcher,* 787 So.2d 150, 151 (Fla. 4th DCA 2001) (quoting *Smith v. State,* 650 So.2d 689, 691 (Fla. 3d DCA 1995)).

*Roberts v. State,* 990 So. 2d 671, 675 (Fla. 4th DCA 2008).

We agree with the State's argument that the evidence in this case pertaining to the attempted murder charge was that Appellant attacked the same victim, in the same neighborhood, within a span of minutes. The State's evidence showed that Appellant attacked the victim by intentionally crashing into her vehicle, trying to push her vehicle farther with his vehicle after the initial impact, got out of his vehicle when he could not push her vehicle any farther, and with a machete, slashed at her vehicle, causing the victim to flee from the vehicle. As she fled, Appellant chased her and stabbed her with a knife or machete. Despite Appellant's assertion that the State told the jury it could convict on *either* the ramming incident or the stabbing, this is not what the prosecutor said. Although the State noted either the ramming or the stabbing could satisfy the act element of the crime, the State explained the event as one continuous episode.

The State further argues that Appellant would have likely raised a double jeopardy or merger challenge if the State had charged him with two counts of attempted murder. *See Wilkes v. State,* 123 So. 3d 632, 635 (Fla. 4th DCA 2013) (explaining "[O]nly one homicide conviction and sentence may be imposed for a single death," quoting *Houser v. State,* 474 So. 2d 1193, 1196 (Fla. 1985), and applying that "principle . . . . to convictions for attempted murder and attempted felony murder from the same attempted killing."); *Williams v. State,* 90 So. 3d 931, 935 (Fla. 1st DCA 2012) (reasoning that "where [the defendant's] pursuit of the victim constituted one criminal act or one attempted murder, we hold that although [the defendant's] dual convictions for attempted premeditated first-degree murder and attempted felony murder do not violate double jeopardy under the standard double jeopardy analysis, they are impermissible under the principle of merger"). The State contends it is not reasonable and possible in this case to distinguish between specific incidents or occurrences such that would have required it to charge Appellant in separate counts. *See State v. Dell'Orfano,* 651 So. 2d at 1216. We agree. Finally, we agree with the State that the other cases relied upon by Appellant are inapposite to the facts of this case.

Having concluded that the charging document in this case was proper and the State's arguments to the jury were proper, we determine there was no error, fundamental or otherwise, resulting in a non-unanimous verdict.

6

We affirm Appellant's conviction and sentence for attempted murder, as well as the other charges.

*Affirmed.*

WARNER and CIKLIN, JJ., concur.

\* \* \*

**_Not final until disposition of timely filed motion for rehearing._**