# Third District Court of Appeal

## State of Florida

Opinion filed November 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1903
Lower Tribunal No. F21-12322
_____

**Barrett Blackwell,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Michelle Delancy, Judge.

Carlos J. Martinez, Public Defender, and Nicholas Lynch, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for appellee.

Before LINDSEY, GORDO, and BOKOR, JJ.

LINDSEY, J.

Appellant Barret Blackwell (Defendant below) appeals from a final judgment of conviction and sentence for one count of petit theft, following a jury trial. Blackwell argues the trial court violated his right to a unanimous verdict by failing to require the jury to unanimously agree on at least one of the two factual acts—that he stole the victim's purse or wallet—underlying the theft. Because theft of the purse or wallet constituted alternative means of committing a single offense, we affirm.

## I.    BACKGROUND

In July 2021, Dessiray Sondgerath, the victim, called police to report that Blackwell had broken into the apartment where she was sleeping. Blackwell and Sondgerath knew each other as they were former romantic partners. Following a police investigation, Blackwell was arrested and charged by Information with six counts. Relevant here is Count 3 for petit theft.

As set forth in the Information:[1]

> BLACKWELL . . . did unlawfully obtain or use, or did endeavor to obtain or use A PURSE AND/OR A WALLET, the property of DESSIRAY SONDGERATH, with the intent to either temporarily

---

[1] Florida Rule of Criminal Procedure 3.140(k)(5) permits alternative or disjunctive allegations for a single offense: "For an offense that may be committed by doing 1 or more of several acts, or by 1 or more of several means, or with 1 or more of several intents or results, it is permissible to allege in the disjunctive or alternative such acts, means, intents, or results."

or permanently deprive that person of a right to the property or of a benefit therefrom, or to appropriate the property to said defendant's own use or to the use of any person not entitled thereto, in violation of s. 812.014(3)(A), Fla. Stat., . . . .

At trial, Sondgerath testified that she awoke to the sound of Blackwell entering through the kitchen window, "hollering, as he was coming through the window, that he wanted his phone, and his wallet." Sondgerath told Blackwell she did not have his phone or wallet and did not know where they were. After Blackwell entered the apartment, Sondgerath ran to the bedroom and locked the door. Blackwell broke into the bedroom, still demanding his phone and wallet. Sondgerath showed Blackwell her purse so he could see she did not have his phone or wallet. He snatched her purse away from her and emptied its contents on the floor. Blackwell eventually left the apartment with Sondgerath's phone, wallet, and medication.

On the petit theft count, the trial court instructed the jurors to determine whether "Blackwell knowingly and unlawfully obtained, or used, the purse *or* wallet of Dessiray Sondgerath." (Emphasis added). The verdict form simply required the jury to determine whether Blackwell was guilty of petit theft and whether the stolen property was valued at more than $750. Blackwell did not object to the court's instruction or the verdict form. The jury found

3

Blackwell guilty of petit theft and determined that the stolen property was worth less than $750.  Blackwell timely appealed.

## II.    ANALYSIS

Blackwell argues on appeal that the trial court should have required the jury to unanimously determine whether he stole the purse, the wallet, or both.  "Because this argument is being made for the first time on appeal, the issue is reviewed for fundamental error."  Cherfrere v. State, 277 So. 3d 611, 614 (Fla. 4th DCA 2019) (citing State v. Kettell, 980 So. 2d 1061, 1068 (Fla. 2008)).[2]

In Florida, a jury verdict must be unanimous.  See, e.g., Fla. R. Crim. P. 3.440 ("No verdict may be rendered unless all of the trial jurors concur in it."); Fla. Std. Jury Instr. (Crim.) 3.12 ("The verdict must be unanimous, that is, all of you must agree to the same verdict.").  Here, although the jury unanimously found Blackwell guilty of petit theft, Blackwell contends fundamental error occurred because the trial court did not require the jury to unanimously agree on at least one of the two factual acts underlying the theft. The State argues that when a single offense, such as petit theft, may be

---

[2] "Fundamental error is error that 'reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'"  Cherfrere, 277 So. 3d at 614 (quoting Krause v. State, 98 So. 3d 71, 73 (Fla. 4th DCA 2012)).

committed by alternative acts, such as stealing a purse or wallet, juror unanimity is not required as to which of the acts served as the basis for the verdict.[3]  For the reasons set forth below, we agree with the State.

The US Supreme Court has explained the requirements of juror unanimity in the context of alternative acts underlying a verdict as follows:

> We have never suggested that in . . . [cases in which the defendant committed a single offense by one or more specified means] jurors should be required to agree upon a single means of commission . . . . In these cases, as in litigation generally, "different jurors may be persuaded by different pieces of evidence, even when they agree upon the bottom line. Plainly there is no general requirement that the jury reach agreement on the preliminary factual issues which underlie the verdict."

Schad v. Arizona, 501 U.S. 624, 631-32 (1991) (quoting McKoy v. North Carolina, 494 U.S. 433, 449 (1990) (Blackmun, J., concurring)).[4]

---

[3] Blackwell did not file a reply brief to address the State's arguments.

[4] Although this explanation is found in a portion of the Court's plurality opinion, a majority agreed with this longstanding general rule.  See Schad, 501 U.S. at 649-50 (Scalia, J., concurring) ("As the plurality observes, it has long been the general rule that when a single crime can be committed in various ways, jurors need not agree upon the mode of commission. That rule is not only constitutional, it is probably indispensable in a system that requires a unanimous jury verdict to convict." (citations omitted)).  Moreover, although the Court has partially receded from Schad, the portion relevant here remains good law.  See Dillard v. State, 329 So. 3d 788, 790 n.2 (Fla. 2d DCA 2021), review denied, SC21-1770, 2022 WL 1052407 (Fla. Apr. 8, 2022).

5

Florida courts follow this well-established principle. <u>See, e.g.</u>, <u>Evans v. State</u>, 995 So. 2d 933, 948 (Fla. 2008); <u>Perley v. State</u>, 947 So. 2d 672, 674 (Fla. 4th DCA 2007) ("While the presentation of dual theories of a crime is allowable, this occurs when a defendant is charged with the commission of one crime, and the State presents two scenarios or bases supporting the commission of the crime."); <u>Miller v. State</u>, 123 So. 3d 595, 598 (Fla. 2d DCA 2013) (explaining that jurors must agree on the essential legal elements of an offense, but they "can undoubtedly have different assessments of the evidence and still reach a unanimous verdict").

Although a jury need not unanimously agree on a single alternative means of committing the same offense, where *separate offenses* are involved, a jury verdict must be unanimous as to at least one specific act. <u>See</u> <u>Perley</u>, 947 So. 2d at 674-75. For example, in <u>Perley</u>, a case Blackwell relies on, the Fourth District found that the trial court fundamentally erred in allowing the jury to deliberate on two entirely separate incidents of escape, separated by time and place, as a single count. <u>Id.</u> at 674. The first escape occurred when the defendant had been detained following a traffic stop. <u>Id.</u> The second escape occurred after the defendant had been taken to a hospital due to complaints of chest pains. <u>Id.</u> Because these were two separate offenses, and not merely alternative means of committing the same

6

offense, the Fourth District held that a unanimous verdict was required as to at least one of the offenses.  Id. at 675.

Similarly, in Saldana v. State, 980 So. 2d 1220, 1221-22 (Fla. 2d DCA 2008), the Second District held that the trial court erroneously allowed the jury to convict the defendant of a single count of alleged possession of a firearm based on three separate, alleged instances of possession, occurring at separate times and places over a two-day period.  Consistent with Perley, the court explained that "[a]llowing the jury to convict [the defendant] without ensuring unanimity that the same incident constituted the charged crime compromised the validity of the verdict."  Id. at 1222.[5]

Here, by contrast, the alleged theft of the purse and/or wallet were not distinct offenses of theft separated by time and space.  This was instead a single offense based on alternative acts of theft that occurred against the same victim, at the same place, and at the same time, with no intervening break.  In short, although multiple items may have been taken, this occurred during one continuous act or transaction, and was therefore a single offense.  Cf. Hearn v. State, 55 So. 2d 559, 560 (Fla. 1951) ("[W]here several articles

---

[5] Blackwell exclusively relies on cases in which a single count was based on *separate offenses*—that is, offenses separated by time and place or of a separate character and type.

7

are taken at the same time and place as one continuous act, though owned by different people, the offense is a single larceny.").

## III. CONCLUSION

Accordingly, because the jury was not required to unanimously agree on the two alternative means of committing a single offense of petit theft, no fundamental error has occurred. We therefore affirm the judgment and sentence.

Affirmed.