DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER JASON PARSONS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-0680

[January 3, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Lawrence Mirman, Judge; L.T. Case No. 562021CF001003A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Ashely Moody, Attorney General, and Luke R. Napodano, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Christopher Jason Parsons was convicted and sentenced on five counts: count one, giving false information to a pawnbroker; count two, dealing in stolen property; count three, possession of drug paraphernalia; count four, possession of alprazolam; and count five, possession of hydromorphone. Parsons does not appeal the judgment on counts three, four, and five. On counts one and two, Parsons argues fundamental error occurred because the jury's verdict was potentially not unanimous. Based on the State's confession of error, we agree and remand for a new trial on those two counts. *See Perley v. State*, 947 So. 2d 672, 675 (Fla. 4th DCA 2007).

Parsons allegedly sold stolen power tools to a pawn shop in two separate sales on two separate days in April 2021. The State based the instant charges on both sales, rather than one sale or the other. In closing argument, the State affirmatively stated the jury could convict Parsons based on *either* sale, and the jury ultimately found Parsons guilty as charged in the information on both of those counts.

"As a state constitutional matter, a criminal conviction requires a unanimous verdict in Florida." *Shahgodary v. State*, 336 So. 3d 8, 11 (Fla. 4th DCA 2022) (quoting *Robinson v. State*, 881 So. 2d 29, 30 (Fla. 1st DCA 2004)). Fundamental error occurs where the jury is allowed "to deliberate on two separate instances of [a crime] where [the defendant] was only charged with one count of [the crime]." *Perley*, 947 So. 2d at 674. Thus, where the State argues to a jury that a defendant may be convicted on a count based on multiple possible acts of the alleged crime, the possibility of a non-unanimous verdict arises and fundamental error occurs. *See id.*; *see also Johnston v. State*, 357 So. 3d 156, 162 (Fla. 4th DCA 2023).

Here, the State affirmatively argued to the jury that it could convict Parsons on the pawnbroker and stolen property charges for either sale. Instead of having individual counts dedicated to each sale, or arguing at trial that one specific sale supported the instant counts, the State presented both sales to the jury and argued that a guilty verdict could be found on the single counts based on either sale. While the jury unanimously found Parsons guilty on the two counts in question, it is impossible to know whether the jury unanimously agreed on which sale supported the guilty verdict, as some jurors could have found the first sale supported the charges, whereas other jurors could have found the second sale supported the charges. In this regard, fundamental error occurred, and the case must be remanded for a new trial on the instant counts.

This case is strikingly similar to our decision in *Perley*. There, the defendant escaped from police custody on two separate and distinct occasions; however, the State charged the defendant with only one count of escape. *Perley*, 947 So. 2d at 674. Further, at trial, the State argued to the jury that it could convict the defendant based on either act of escape. *Id.* In reversing, we noted that, while the information was not "fundamentally defective," fundamental error nevertheless occurred because the jury was allowed "to deliberate on two separate instances of escape where Perley was only charged with one count of escape." *Id.* Because of the State's error, we held it was impossible to know whether the jury was unanimous in its decision "as some members of the jury could have determined that one incident constituted escape, while others on the jury could have determined that the other incident constituted escape, rather than agreeing unanimously that the same incident constituted escape." *Id.* at 674–75.

Like in *Perley*, the State charged and tried Parsons on single counts, but based the counts on two separate and distinct criminal sales. By arguing a guilty verdict could be based on either sale, the State created a potential scenario where the jurors might not have unanimously agreed on which sale constituted the guilty conduct, resulting in the possibility of

a non-unanimous verdict.  *See id.*  In other words, "[b]y allowing the State to tell the jury it could convict [Parsons] for either [sale], the trial court compromised the jury's ability to render a unanimous verdict."  *See id.* at 674; *cf. Johnston*, 357 So. 3d at 162 (affirming a conviction and sentence because the State charged the defendant with two separate counts of resisting and at closing argued one specific act applied to each count).  Thus, it is impossible to know whether the jury's verdict was unanimous, and the case must be remanded for a new trial.  *See Perley*, 947 So. 2d at 675.

Finally, we caution the State about certain comments made during closing argument.  Below, the State injected personal opinion into its closing arguments, and suggested Parsons had "dragged" certain individuals, including his relatives, into trial to testify.  These comments were objectionable, and on remand, the State should avoid repeating such comments at any point during the retrial.  *See, e.g., Sempier v. State*, 907 So. 2d 1277, 1278 (Fla. 5th DCA 2005) (noting it is generally improper for prosecutors "to give a personal opinion as to either the justness of the cause or the guilt or innocence of the accused"); *Evans v. State*, 177 So. 3d 1219, 1236 (Fla. 2015) ("It is improper for a prosecutor to comment on a defendant's exercise of his right to a jury trial.").

Therefore, we reverse and remand for a new trial on count one (giving false information to a pawnbroker) and count two (dealing in stolen property).  *See Perley*, 947 So. 2d at 675.  We affirm on all other issues raised without comment.

*Affirmed in part, reversed in part and remanded.*

KLINGENSMITH, C.J., GROSS and LEVINE, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**